113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Alvaro ALVARADO-PEREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70597.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Alvaro Alvarado-Perez ("Alvarado"), a native and citizen of El Salvador, petitions for review the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his requests for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 3
 We review the BIA's factual determinations underlying a denial of asylum and withholding of deportation under the substantial evidence standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988). We must uphold the BIA's determination if it is " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " Elias-Zacarias, 502 U.S. at 481 (quoting 8 U.S.C. § 1105a(a)(4)); see Rodriguez-Rivera, 848 F.2d at 1001. To obtain a reversal, the petitioner must show that the evidence was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 484.
 
 
 4
 Alvarado contends that the BIA's determination that he failed to establish a well-founded fear of future persecution based on his refusal to recruit youths for the guerilla group known as the Frente Farabundo Marti para la Liberacion Nationale ("FMLN"), and based on revenge for an incident where two guerillas dressed in clothes taken from his house were killed during a November 1989 offensive, was not supported by substantial evidence. We disagree.
 
 
 5
 To be eligible for asylum, an applicant must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(a); Rodriguez-Rivera, 848 F.2d at 1001. The well-founded fear standard includes both an objective and subjective component. See Rodriguez-Rivera, 848 F.2d at 1001. The subjective component requires that the fear be genuine, while the objective component " 'requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution.' " Id. at 1002 (citations omitted).
 
 
 6
 Here, even though Alvarado's testimony may have established that his fear of the FMLN guerillas was genuine, see Cuadras v. INS, 910 F.2d 567, 570-71 (9th Cir.1989) (stating that applicant's fear was subjectively genuine because IJ did not question applicant's credibility), Alvarado failed to produce specific and direct evidence to demonstrate that his fear was well-founded in light of the evidence establishing changed conditions in El Salvador. See Rodriguez-Rivera, 848 F.2d at 1002; see also Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1994) ("Fundamental social or political changes in the applicant's homeland are highly relevant to the likelihood of future persecution."). Accordingly, substantial evidence supported the BIA's determination that Alvarado failed to establish a well-founded fear of future persecution. See Rodriguez-Rivera, 848 F.2d at 1002; see also Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986) (stating that substantial evidence supported BIA's denial of asylum when applicant failed to establish objectively reasonable fear regardless of subjective component).
 
 
 7
 Because Alvarado failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3